USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRESTIGE CHRONO LLC,

Plaintiff,

-against-

PARCEL PRO, INC. and FEDERAL EXPRESS CORPORATION,

Defendants.

26-CV-00122 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Prestige Chrono LLC is a luxury watch retailer with a business office in New York. Dkt. No. 1-1 ("Compl.") ¶¶ 1–18. Defendant Parcel Pro, Inc. ("Parcel") insures valuable items during shipping. *Id.* ¶ 4. Parcel is incorporated under the laws of California and has its principal place of business in Georgia. Dkt. No. 7-2. Defendant Federal Express Corporation ("FedEx") ships and delivers packages. Compl. ¶ 6. FedEx is incorporated under the laws of Delaware and has its principal place of business in Tennessee. Dkt. No. 11 ¶ 8. Plaintiff contracted with FedEx to deliver a watch from Italy to Hong Kong and obtained a certificate of insurance from Parcel for the watch. Compl. ¶¶ 8–9. Plaintiff alleges that a FedEx employee stole the watch. *Id.* ¶ 10. Plaintiff then submitted a claim to Parcel, which refused to pay the claim. *Id.* ¶ 13. In response, Plaintiff filed this lawsuit in New York state court, alleging breach of contract against Parcel and conversion against FedEx. *Id.* at 1.

Defendants removed to this Court. Dkt. No. 1. Parcel then moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2). *See* Dkt. No. 7. It argues the Court lacks general jurisdiction over Parcel because it is not "at home" in New York under *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 546 U.S. 915

(2011). Dkt. No. 7-1 at 3–5. It further argues the Court lacks specific jurisdiction given that "Plaintiff does not allege that the loss occurred in New York, that the package it insured through Parcel Pro passed through New York, or that any conduct giving rise to the claim took place in New York." *Id.* at 6. FedEx moved to join the motion on January 26, 2026. Dkt. No. 10. A declaration attached to FedEx's motion contends Plaintiff has not met its burden of showing general or specific jurisdiction over FedEx absent allegations tying Plaintiff's claims to FedEx's contacts with New York. Dkt. No. 11 ¶¶ 6–9.

In opposition, Plaintiff argues jurisdiction over Parcel is proper under N.Y. Ins. Law § 1213(b)(1)(A) because Parcel issued an insurance policy to Plaintiff and Plaintiff is a New York resident. Dkt. No. 22 ("Opp.") at 3. Plaintiff proceeds to cite several cases for the general proposition that Section 1231(b)(1)(A) applies whenever an insured is authorized to do business in New York. *Id.* at 3–4. Next, Plaintiff argues Parcel is subject to general jurisdiction because it has an office in New York, regularly transacts business with New York jewelers, and contracted with Plaintiff, therefore should be considered "at home" in New York. *Id.* at 4–5.

## DISCUSSION

### I. LEGAL STANDARD ON A RULE 12(B)(2) MOTION

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).[1] "A plaintiff may carry this burden 'by pleading in good faith . . . legally sufficient allegations of jurisdiction, i.e., by making a "prima facie showing" of jurisdiction.'" *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir.

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

2001) (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998)). Addressing a 12(b)(2) motion, a court must "construe the pleadings and any supporting materials in the light most favorable" to the plaintiff, *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013), and resolve all doubts in the plaintiff's favor, *V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 131 (2d Cir. 2022). Nevertheless, a court cannot "draw argumentative inferences in the plaintiff's favor" and need not accept conclusory legal statements. *O'Neill v. Asat Trust Reg.*, 714 F.3d 659, 673 (2d Cir. 2013). In determining whether personal jurisdiction exists, a court may consider materials outside the pleadings. *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 276 (2d Cir. 2024).

## II. RELEVANT LAW ON PERSONAL JURISDICTION

Personal jurisdiction is a court's authority to adjudicate claims against a given party. It comes in two flavors: general and specific. General jurisdiction vests a court with authority to adjudicate *all* claims against a party and, for a corporate party, is available only where the corporation is "essentially at home." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). The paradigmatic examples of "at home" are the forum where a corporation is incorporated and where it has its principal place of business. *Id.* at 137. In a truly "exceptional" case, a corporation may be "essentially at home" in another forum as well. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). That said, such cases are exceedingly rare. And courts have recognized that a corporation's extended presence and business activities in a forum do not render a case "exceptional." *See, e.g.*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927–28 (2011).

Specific jurisdiction vests a court with authority to adjudicate only those claims against a party that "arise out of or relate to [its] contacts with the forum." *Gucci Am., Inc. v. Weixing Li*,

768 F.3d 122, 134 (2d Cir. 2014). While specific jurisdiction does not require that a defendant be "at home" in a forum, a court may exercise specific jurisdiction only if the exercise (1) complies with "a state-law statutory basis" and (2) comports with due process. *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 82 (2d Cir. 2018).

## III. FEDEX'S MOTION TO JOIN IS GRANTED

At the outset, FedEx's unopposed motion to join Parcel's motion to dismiss (Dkt. No. 10) is GRANTED given that it, like Parcel, argues Plaintiff has failed to meet its burden of showing personal jurisdiction, and does so on similar bases. *See* Dkt. No. 11 ¶¶ 7–9.

## IV. PARCEL'S MOTION TO DISMISS IS GRANTED

Parcel's (and, by extension, FedEx's) motion to dismiss is GRANTED. Neither Parcel nor FedEx is incorporated under the laws of New York or has their principal place of business in New York. Therefore, the Court lacks general jurisdiction over either Defendant. Resisting this conclusion, Plaintiff argues general jurisdiction is proper over Parcel because it is essentially at home in New York given it maintains "offices in the vicinity of the New York Diamond District, regularly does business with New York jewelers, [and] entered into a contract of insurance with [Plaintiff], a New York jewelry wholesaler." Opp. at 4–5. But even extensive business activities in a foreign state do not render a case "exceptional," and Plaintiff has identified no aspect of this case that would place it within the universe of such "exceptional" cases. *Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*, 331 F. Supp. 3d 130, 142 (S.D.N.Y. 2018) (collecting cases).

Next, specific jurisdiction is inappropriate under New York's long-arm statute because there is no link between Plaintiff's claims and Defendants' contacts with New York. *See* N.Y. C.P.L.R. § 302. Plaintiff alleges a FedEx employee pilfered a watch at some point during

shipment from Italy to Hong Kong. Plaintiff alleges Parcel wrongfully refused to honor a policy that covered the watch during its international shipping. Nothing about these claims has any apparent relationship to Defendants' contacts with New York.

Plaintiff's allegations do little to provide that missing link. Plaintiff does not allege that negotiations, purchases, transportation, or any activity related to the watch, its transport, or its insurance occurred in New York. Instead, Plaintiff identifies ties between Defendants and New York that are entirely coincidental to this lawsuit. For example, while Plaintiff alleges Parcel maintains an office in New York, it does not allege that Plaintiff negotiated or purchased the relevant policy at Parcel's New York office.

In lieu of alleging a connection between its claims and Defendants' contacts with New York, Plaintiff argues the Court has specific jurisdiction over Parcel by operation of N.Y. Ins. Law § 1213(b)(1)(A). Opp. at 3. Section 1213(b)(1)(A) provides that a court has personal jurisdiction over an insurer that issues or delivers an insurance contract "to residents of this state or to corporations authorized to do business therein." N.Y. Ins. L. § 1213(b)(1)(A), and Section 1101, in relevant part, defines what constitutes "doing business as" for purposes of personal jurisdiction in New York, N.Y. Ins. L. § 1101(b)(1)(A). Fatal to Plaintiff's argument, however, is that virtually every court to analyze Section 1213 has clarified that it requires issuance or delivery of a policy *into* New York, not just that an insured happen to transact business or reside in New York,[2] and Plaintiff nowhere alleges the insurance policy was issued or delivered into New York.

---

[2] *See, e.g.*, *Wilmington Trust N.A. v. Lincoln Benefit Life Co.*, No. 25-CV-04357 (NSR), 2026 WL 2168407, at *5 (S.D.N.Y. July 27, 2026); *AMT Cap. Holdings, S.A. v. Sun Life Assurance. Co. of Can.*, 161 A.D.3d 465, 465–66 (1st Dep't 2018); *Associated Aviation Underwriters v. Arab Ins. Grp. (B.S.C.)*, No. 02-CV-04983 (GBD), 2003 WL 1888731, at *3 (S.D.N.Y. Apr. 16, 2003); *Metro Risk Mgmt. Agency v. Hudson Specialty Ins. Co.*, No. 23-CV-01944 (VSB), 2026 WL 1910161, at *13 (S.D.N.Y. July 2, 2026).

Instead, Plaintiff cites several cases that it contends exercised personal jurisdiction in identical instances. Opp. at 3–4. These cases are readily distinguishable given they turn on the well-trodden (but inapplicable) rule that "contracting to insure property *located within a jurisdiction*" subjects the foreign insurer to suits in that jurisdiction. *Armada Supply Inc. v. Wright*, 858 F.2d 842, 849 (2d Cir. 1988) (emphasis added). Accordingly, in the Second Circuit case Plaintiff cites, *Armada*, personal jurisdiction was proper given the property was bound for New York and the certificate of insurance was issued in New York.[3] *Id.* at 848. Meanwhile, in two of the district court cases Plaintiff cites, *Insurance Co. of North America* and *Twin City Fire Insurance*, the insurers issued general policies to entities who had substantial business activities in New York, therefore there was an "expectation that [the policies] could be claimed upon for events occurring within New York." *Ins. Co. of N. Am. v. Pyramid Ins. Co. of Bermuda*, No. 92-CV-01816, 1994 WL 88754, at *2 (S.D.N.Y. Mar. 16, 1994); *Twin City Fire Ins. Co. v. Harel Ins. Co.*, No. 10-CV-07842 (BSJ) (GWG), 2011 WL 3480948, at *2 (S.D.N.Y. Aug. 5, 2011) (quoting *id.*). Admittedly, the last case Plaintiff cites, *Danaher Corp. v. Travelers Indemnity Co.*, is more supportive of Plaintiff's argument. 10-CV-00121 (JPO), 2014 WL 7008938, at *3 (S.D.N.Y. Dec. 12, 2014). But it is nevertheless distinguishable because it involved an insurer who "contracted to insure risk in New York," namely asbestos-related lawsuits filed in New York. *Id.* at *5.[4]

---

[3] The Defendant's conduct in *Armada* included numerous other connections to New York, as well. *See Armada*, 858 F.2d at 848 (explaining that a foreign underwriter came to New York and issued an insurance certificate on "property located in New York, appointed a New York firm to receive notice of the claim, engaged a New York surveyor to attend the vessel, and designated two representatives in New York to investigate and adjust the claim.").

[4] The Court's research did not reveal another case that has followed *Danaher*'s general statement that "insurers that issue policies to corporations authorized to do business in New York are subject to jurisdiction in this state." *Id.* at *3.

In the present case, Prestige's policy covered a watch transiting from Italy to Hong Kong, so the property was not located in New York or bound for New York, and there was no apparent expectation the policy could cover events in New York. The cases relied on by Plaintiff are therefore inapplicable.

## V. LEAVE TO AMEND

If a motion to dismiss succeeds, courts in this circuit ordinarily grant leave to amend a complaint. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). It is possible that Plaintiff can allege facts showing its claims are related to Defendants' contacts with the forum, or, as to Parcel, that the relevant insurance policy was issued in or delivered into New York, such that the Court could properly exercise specific personal jurisdiction over one or both Defendants. Accordingly, the Court will grant Plaintiff leave to file an amended complaint on or before **October 13, 2026** consistent with this opinion.

## CONCLUSION

For all of the forgoing reasons, FedEx's motion to join (Dkt. No. 10) and Parcel's motion to dismiss (Dkt. No. 7) are GRANTED, and both Defendants are dismissed for lack of personal jurisdiction. Plaintiff may file an amended complaint by **October 13, 2026** , if it is able to allege facts that could support personal jurisdiction over Defendants consistent with this Opinion. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 7 and 10.

Dated: September 29, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge